# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO CHAVEZ DELGADO, ) | No. 1:07-cv-1653 AWI |
| Petitioner, ) | (No. 1:04-cr-5208 AWI) |
| v. ) | |
| UNITED STATES OF AMERICA, ) | ORDER ON PETITIONER'S MOTION TO SET ASIDE ORDER ON PETITIONER'S 28 U.S.C. § 2255 PETITION |
| Respondent. ) | |
| | (Crim. Doc. No. 108) |

Currently before the Court is Petitioner's motion to set aside judgment under Federal Rules of Civil Procedure 60(b)(4), (6), and (d). See Doc. No. 108. For the reasons that follow, the motion will be denied.

*Background*

On May 22, 2009, this Court issued an order that denied Petitioner's 28 U.S.C § 2255 petition. See Doc. No. 98. On June 19, 2009, the Court denied Petitioner's Rule 59/Rule 60 motion for reconsideration on the basis that the motion was a successive § 2255 petition. See Doc. No. 100.

On July 6, 2009, Petitioner filed an appeal. See Doc. No. 102. On October 26, 2009, the Court denied Petitioner's request for a certificate of appealability. See Doc. No. 104.

On May 18, 2011, the Ninth Circuit denied Petitioner's request for a certificate of appealability. See Doc. No. 107. The Ninth Circuit denied the certificate of appealability after receiving Petitioner's additional citation to and reliance on *Padilla v. Kentucky*, 130 S.Ct. 1473, 1480-81 (2010). See Ninth Circuit Docket Doc. No. 5 in Case No. 09-16635 (hereinafter "Ninth Doc."). On June 15, 2011, Petitioner filed a motion of reconsideration with the Ninth Circuit.

See Ninth Doc. No. 7. On July 19, 2011, the Ninth Circuit denied Petitioner's request for reconsideration and refused to accept further filings in that closed case. See Ninth Doc. No. 8.

*Petitioner's Contentions*

Petitioner argues that he is entitled to relief through Rule 60(b) in light of the intervening case of *Padilla* and because this Court acted in a manner that deprived him of his opportunity to be heard on his claims of ineffective assistance of counsel. Petitioner argues that the May 2009 judgment is void because it was rendered in a manner that is inconsistent with due process since it deprived him of his opportunity to be heard on his ineffective assistance of counsel claim. Petitioner argues that his counsel was ineffective because he did not advise Petitioner of the mandatory 5 year consecutive sentence on Count Three of the indictment, i.e. 18 U.S.C § 924(c). *Padilla* arguably creates a per se rule that counsel must inform their clients of sentencing consequences before an informed plea may be entered, and counsel violated this obligation. Alternatively, counsel was ineffective for not explaining the sentencing consequences. That failure was prejudicial because Petitioner argues that he would not have accepted the plea since the evidence did not support the elements of the Count Three crime. Petitioner also states that his counsel did not advise him of the elements of § 924(c) or advise him of any strategic basis for pleading guilty. Finally, Petitioner states that this Court did not adjudicate on the merits the claim that counsel was ineffective for failing to advise him of the 5 year consecutive sentence.

*Legal Standard*

"A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). That section reads:

> A second or successive motion must be certified as provided in section 2244 [28 USC § 2244] by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). To avoid § 2255(h), petitioners will often attempt to characterize their motions in a way that avoids the requirements of § 2255(h). See Washington, 653 F.3d at 1059.

For example, petitioners sometimes attempt to characterize their motions as brought under Rule 60(b), which allows a party to seek relief from a final judgment and to reopen his case on limited grounds, for example that the judgment was void (under Rule 60(b)(4)) or that extraordinary circumstances support relief.  See id. at 1059-60; United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011).  "When a Rule 60(b) motion is actually a disguised second or successive § 2255 motion, it must meet the criteria set forth in § 2255(h)."  Washington, 653 F.3d at 1059-60; Buenrostro, 638 F.3d at 722.  Whether a motion is in fact a disguised § 2255 motion is governed by the analysis of *Gonzalez v. Crosby*, 545 U.S. 524 (2005).  See Washington, 653 F.3d at 1062; Buenrostro, 638 F.3d at 722.  Generally, a motion that attacks a defect in the integrity of the federal habeas proceeding is not a disguised § 2255 motion, but may instead be classified as a legitimate Rule 60(b) motion.  See Washington, 653 F.3d at 1059-60; Buenrostro, 638 F.3d at 722.  For example, fraud on the Court is a legitimate Rule 60(b) basis/motion.  See Gonzalez, 545 U.S. at 532 n.5; Washington, 653 F.3d at 1063.  Further, claims that a procedural error prevented a presentation of claims on the merits, such as a ruling that there was a failure to exhaust, or a procedural default, or a statute of limitations bar, properly may be brought in a Rule 60(b) motion.  See Gonzalez, 545 U.S. at 532 n.4; Washington, 653 F.3d at 1063.  However, "if the motion presents a 'claim,' i.e. 'an asserted federal basis for relief from a . . . judgment of conviction,' then it is, in substance, a new request for relief on the merits and should be treated as a disguised § 2255 motion."  Washington, 653 F.3d at 1063 (citing Gonzalez, 545 U.S. at 530); see also Buenrostro, 638 F.3d at 722.  Examples of "claims" include:

> a motion asserting "that owing to 'excusable neglect,' the movant's habeas petition had omitted a claim of constitutional error,"; a motion to present "newly discovered evidence" in support of a claim previously denied; a contention "that a subsequent change in substantive law is a 'reason justifying relief' from the previous denial of a claim,"; a motion "that seeks to add a new ground for relief,"; a motion that "attacks the federal court's previous resolution of a claim on the merits,"; a motion that otherwise challenges the federal court's "determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief,"; and finally, "an attack based on the movant's own conduct, or his habeas counsel's omissions."

Washington, 653 F.3d at 1063 (quoting Gonzalez, 545 U.S. at 530-32).  "[I]f a pleading labeled as a Rule 60(b) motion includes such claims, it 'is in substance a successive habeas petition and

3

should be treated accordingly.'" Gonzalez, 545 U.S. at 531; Washington, 653 F.3d at 1063. In essence, where the integrity of the proceedings is not challenged, but the motion "in effect asks for a second chance to have the merits determined favorably, then the motion is raising a 'claim' that takes it outside the purview of Rule 60(b)." Washington, 653 F.3d at 1063. If § 2255(h) applies, but a petitioner has not received permission from the court of appeals to file a successive § 2255 petition, then the district court is without jurisdiction. See id. at 1065.

*Discussion*

In Petitioner's original petition, he alleged that he received ineffective assistance of counsel for several reasons, but did not allege ineffective assistance for failure to explain the consecutive sentence.[1] Petitioner attempts to couch this motion as a Rule 60(b) motion. As indicated above, the basis of Petitioner's claims is that *Padilla* represents an intervening case, and that *Padilla* shows that Petitioner received ineffective assistance of counsel because counsel failed to explain the consecutive sentencing consequence of pleading guilty. Despite Petitioner's citation to Rule 60(b), this motion is a disguised second or successive § 2255 motion.

First, Petitioner's original petition raised several grounds for ineffective assistance. However, the petition did not contend that Petitioner received ineffective assistance of counsel because counsel did not explain that Petitioner would receive a consecutive sentence under § 924(c). See Crim. Docket Doc. No. 97. Thus, this is a new ground for relief, which constitutes a "claim" under § 2255(h). See Washington, 653 F.3d at 1064; Buenrostro, 638 F.3d at 722.

Second, to the extent Petitioner argues that *Padilla* represents a change in the substantive law, such a contention also represents a "claim."[2] See Washington, 653 F.3d at 1063. Moreover, § 2255(h) itself requires a petitioner to obtain permission from the court of appeals when there is

---

[1] In his original petition, Petitioner alleged that he received ineffective assistance of counsel because: (1) his counsel advised he was guilty of committing an offense under 18 U.S.C. § 924(c), which was contrary to *Bailey v. United States*, 116 S.Ct. 501 (1995); (2) his counsel allowed him to plead guilty to § 924(c) despite the insufficiency of the government's factual recitation; and (3) his counsel failed to adequately investigate for purposes of the § 924(c) offense. See Crim. Docket Doc. No. 97. Petitioner also contended that he received no benefit from pleading guilty to § 924(c). See id.

[2] However, the issue in *Padilla* was whether, "as a matter of federal law, Padilla's counsel had an obligation to advise him that the offense to which he was pleading guilty would result in his removal from this country." Padilla, 130 S.Ct. at 1478. Here, Petitioner has made no allegations regarding deportation.

4

a new, retroactive rule of constitutional law, which is how Petitioner classifies *Padilla*. See 28 U.S.C. § 2255(h)(2).

Third, Petitioner spends a significant amount of time arguing that there was insufficient evidence to support his conviction under § 924(c). The Court addressed this matter on the merits in the original petition, and found against Petitioner. The Ninth Circuit essentially affirmed this Court's denial of a certificate of appealability, and Petitioner sought in part to challenge this Court's determinations. See Crim. Docket Doc. Nos. 101, 107. Thus, it appears that Petitioner is improperly seeking a second chance to have the merits determined favorably, which constitutes a "claim" under § 2255(h). See Washington, 653 F.3d at 1063-64.

Finally, Petitioner has not identified any conduct that would constitute a defect in the integrity of the federal habeas proceedings. See id. at 1063-64.

For the above reasons, the motion at bar constitutes a federal "claim" and thus, an attempt to file a second or successive § 2255 petition. See Gonzalez, 545 U.S. at 530-32; Washington, 653 F.3d at 1063-64; Buenrostro, 638 F.3d at 722. Petitioner was required to obtain permission from the Ninth Circuit to file this motion/petition. However, Petitioner has not shown that permission was granted. In fact, the Ninth Circuit denied Petitioner a certificate of appealability despite his citation to, and arguments based on, *Padilla*. See Ninth Doc. No. 107. The Ninth Circuit also denied reconsideration of its denial of a certificate of appealability. See Ninth Doc. 8. Petitioner's reconsideration motion in the Ninth Circuit is very close to the motion at bar, much of which appears to have been copied from the Ninth Circuit reconsideration motion. Cf. Ninth Doc. No. 7 with Crim. Docket Doc. No. 108.

It is apparent that Petitioner has not complied with § 2255(h). Therefore, this Court is without jurisdiction, and Petitioner's motion will be denied. See Washington, 653 F.3d at 1065.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for relief under Rule 60 is DENIED.

IT IS SO ORDERED.

Dated: March 8, 2012

CHIEF UNITED STATES DISTRICT JUDGE

5